**GARTEISER HONEA, P.C.**
Randall T. Garteiser (SBN 231821)
Christopher A. Honea (SBN 232473)
Peter S. Brasher (SBN 283992)
44 N. San Pedro Road
San Rafael, CA 94903
Phone: (415) 785-3762
Fax: (888) 908-4400
rgarteiser@ghiplaw.com
chonea@ghiplaw.com
pbrasher@ghiplaw.com

*Attorneys for Plaintiff and Counter-Defendant*
Blue Spike, LLC

**ARNOLD & PORTER LLP**
Michael A. Berta (SBN 194650)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Phone: (415) 471-3100
Fax: (415) 471-3400
michael.berta@aporter.com

Wallace W. Wu (SBN 220110)
Nicholas H. Lee (SBN 259588)
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Phone: (213) 243-4000
Fax: (213) 243-4199
wallace.wu@aporter.com
nicholas.lee@aporter.com

*Attorneys for Defendant* Google Inc.

**FARELLA BRAUN + MARTEL LLP**
Jeffrey M. Fisher (SBN 155284)
Eugene Y. Mar (SBN 227071)
Dan Callaway (SBN 262675)
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Phone: (415) 954-4400
Fax: (415) 954-4480
jfisher@fbm.com
emar@fbm.com
dcallaway@fbm.com

*Attorneys for Defendant* Adobe Systems, Inc

**FENWICK & WEST LLP**
Teresa M. Corbin (SBN 132360)
Bryan A. Kohm (SBN 233276)
David Lacy Kusters (SBN 241335)
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
tcorbin@fenwick.com
bkohm@fenwick.com
dlacykusters@fenwick.com

Darren Donnelly (SBN 194335)
801 California Street
Mountain View, CA 94041

1

Telephone: (650) 988-8500
Facsimile: (650) 938-5200
ddonnelly@fenwick.com

*Attorneys for Plaintiff and Counter-Defendant* AOptix Technologies, Inc., *Defendant* SoundHound, Inc., and *Defendant* Zeitera, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| AOPTIX TECHNOLOGIES,<br><br>           Plaintiff,<br><br>     v.<br><br>BLUE SPIKE, LLC,<br><br>           Defendant. | Case No. 13-cv-01105 (YGR) and Related Cases<br><br>**ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |
| BLUE SPIKE, LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>ADOBE SYSTEMS, INC.,<br><br>           Defendant. | Case No. 14-cv-01647 (YGR) |

2

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>ZEITERA LLC,<br><br>    Defendant. | Case No. 14-cv-01648 (YGR) |
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>SOUNDHOUND INC.,<br><br>    Defendant. | Case No. 14-cv-01649 (YGR) |
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 14-cv-01650 (YGR) |

Upon the stipulation of the parties, the Court ORDERS as follows:

  1.  This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and

inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties agree to comply with the District's E-Discovery Guidelines ("Guidelines") and have utilized the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information for Patent Cases and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata, except for (a) BEGBATES, (b) ENDBATES, (c) BEGATTACH, (d) ENDATTACH, (e) CONFIDENTIALITY, and (f) REDACTED.  If available, the following should also be included: the filename of an electronic document (as FILENAME), the date the electronic document was created (as DATECREATED), and the date the electronic document was modified (as DATEMOD).  If email (as defined below) is produced as provided herein, fields showing the date and time that the e-mail was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

7. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

    A. <u>General Document Image Format</u>. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format.  Documents that exist in hard copy format shall be scanned, and each document shall be produced in single-page TIFF format.  TIFF files shall be single-page files and

shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B.    <u>Text-Searchable Documents</u>. The parties shall make their production text searchable, providing extracted text files (e.g., for electronic files) or commercially acceptable optical character recognition ("OCR") (e.g., for hard copy documents that are scanned, electronic files that do not have an associated text file, or for redacted documents).

C.    <u>Footer</u>. Each document image shall contain a footer with a sequentially ascending production number.

D.    <u>Native Files</u>. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format (by way of example, non-standard file types, oversized documents or spreadsheets), and upon receipt of such a request and for good cause, the producing party shall produce the document in its native format. Documents produced in native format will have a unique production number and confidentiality designation in the filename of the native file.

E.    <u>No Backup Restoration Required</u>. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F.    <u>Voicemail and Mobile Devices</u>. Absent a showing of good cause, voicemails, instant messages, WebEx, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

G. <u>De-Duplication</u>. A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI across custodians. If email is produced as provided herein, a party may also de-duplicate "near duplicate" email threads as follows: In an e-mail thread, only the final-in-time document need be produced, assuming that all previous e-mails in the thread are contained within the final message and unchanged. Where a prior e-mail contains an attachment, that e-mail and attachment shall not be removed as a "near-duplicate."

8. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

9. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

10. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

11. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

12. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

13. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

14. The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

    a. These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

        i. backup systems and/or tapes used for disaster recovery; and

        ii. systems no longer in use that cannot be accessed.

      b.  Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following:

         i.  voicemail messages

        ii.  information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;

       iii.  instant messaging;

       iv.  automatically saved versions of documents and emails;

        v.  video and audio recordings;

       vi.  deleted, slack, fragmented, or other data accessible only by forensics;

      vii.  random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

     viii.  on-line access data such as temporary internet files, history, cache, cookies, and the like;

       ix.  dynamic fields of databases or log files that are not retained in the usual course of business; and

        x.  data in metadata fields that are frequently updated automatically, such as last opened dates.

15. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Disclosures among defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of

privilege or protection.  Information that contains privileged matter or attorney work product shall be returned immediately if such information appears on its face to have been inadvertently produced or if requested.

  16. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

  **IT IS SO STIPULATED**, through Counsel of Record.

Dated:  10/2/2014  */s/ Randall T. Garteiser*
        Randall T. Garteiser
        Counsel for Plaintiff Blue Spike, LLC

Dated:  10/2/2014  */s/ Eugene Y. Mar*
        Eugene Y. Mar
        Counsel for Defendant Adobe Systems, Inc.

Dated:  10/2/2014  */s/ Bryan A. Kohm*
        Bryan A. Kohm
        Counsel for Plaintiff and Counter-Defendant AOptix Technologies, Inc., Defendant SoundHound, Inc., and Defendant Zeitera, LLC

Dated:  10/2/2014  */s/ Nicholas H. Lee*
        Nicholas H. Lee
        Counsel for Defendant Google Inc.

  So ORDERED and SIGNED this __6th__ day of __October__, 2014



_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

GRANTED
Judge Jacqueline Scott Corley